# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 11, 2009

Charles R. Fulbruge III
Clerk

No. 07-40231
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOEL SALINAS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-106-7

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joel Salinas pleaded guilty to possession with intent to distribute more than five kilograms of cocaine and was sentenced to a term of imprisonment of 168 months. On direct appeal, he argued that he was sentenced in violation of United States v. Booker, 543 U.S. 220 (2005) because the district court determined that he was accountable for the equivalent of 126,000 kilograms of marijuana, a fact not admitted by Salinas nor found by a jury. This court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determined that the district court's factual determination concerning the drug amount was made in violation of Booker and that the Government had not met its burden of establishing, beyond a reasonable doubt, that the error was harmless. See United States v. Salinas, No. 04-40725 (5th Cir. Dec. 1, 2005).

Following the remand, Salinas argued that the district court should reconsider its determination concerning the drug amount for which he was held accountable and also reconsider the scope of his relevant conduct. Salinas conceded that his base offense level would remain the same if the district court accepted his argument concerning the amount of drugs attributed to him. Thus, any error with respect to the district court's drug quantity calculation was harmless error. See United States v. Solis, 299 F.3d 420, 462 (5th Cir. 2002).

Salinas argues, however, that a favorable ruling on his relevant conduct argument would make him eligible for the application of the safety valve provision. The Government argues that the safety valve issue was not within the scope of this court's mandate.

Salinas did not appeal the district court's denial of his request for the application of the safety valve provision, which he made at his initial sentencing. Because Salinas did not challenge the safety valve ruling in his previous appeal, he waived that issue and it was beyond the scope of the mandate ordering the resentencing. See United States v. Lee, 358 F.3d 315, 321 (5th Cir. 2004).

Nor has Salinas shown that the safety valve issue falls within any of the exceptions to the mandate rule. Salinas did not provide any substantially different evidence at the resentencing, did not point out any relevant change of law by a controlling authority, and did not show that the district court's determination of the safety valve issue was so clearly erroneous as to result in a manifest injustice. See United States v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002).

Accordingly, Salinas's sentence is AFFIRMED.